# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CARNELL HUNNICUTT, SR.,

    Plaintiff,

v.                                                       No. CV 20-206 MV/CG

DANIEL PETERS, et al.,

    Defendants.

## ORDER DENYING MOTION FOR EXPEDITED DISCOVERY
## AND DIRECTING SERVICE

**THIS MATTER** is before the Court upon Plaintiff Carnell Hunnicutt, Sr.'s *Motion for Discovery Request Seeking the Present Or Last Known Address of Defendants Peters, Edgman, Flores, Franco and Whitefield* (the "Motion"), (Doc. 16), filed March 26, 2021. In his Motion, Mr. Hunnicutt asks the Court to grant him leave to conduct pre-service discovery, citing Federal Rule of Civil Procedure 34(a), so that he may locate Defendants' addresses for service of the Summons and Complaint. *Id.* at 1.

**I.     Factual and Procedural Background**

On March 9, 2020, Mr. Hunnicutt commenced this civil rights lawsuit under 42 U.S.C. § 1983. (Doc. 1). He named fifteen defendants in his Complaint and Amended Complaint, including twelve individuals, but initially only provided a mailing address for the Southern New Mexico Correctional Facility. *See* (Doc. 1); (Doc. 3). Therefore, on March 8, 2021, the Court ordered Mr. Hunnicutt to provide a current address for each of the remaining defendants. (Doc. 14).

On March 26, 2020, in response to the Court's March 8, 2021 Order, Mr. Hunnicutt provided mailing addresses for nine of the fourteen remaining defendants, and verified the mailing address provided for Southern New Mexico Correctional Facility. (Doc. 15). The

addresses Mr. Hunnicutt provided for Defendants K.D. Miller, Jodi Upshaw, Joshua Sigala, Astrid Castillo, Ronald Martinez and Southern New Mexico Correctional Facility are a P.O. box address. *Id.*

That same day, Mr. Hunnicutt filed the instant Motion, requesting pre-service discovery as to the five defendants for whom he has yet to locate an address. (Doc. 16). In particular, he explains that he "does not have access to a computer, phone nor adequate legal access to track down the whereabouts of the [remaining] Defendants." *Id.* at 1. He therefore asks for discovery as to the "current addresses of Defendants Daniel Peters, William Edgman, Estevan Flores, German Franco and Adam Whitefield" in order to facilitate service by the United States Marshals Service. *Id.*

## II.     Analysis

### A.     Pre-Service Discovery

"[T]he onus [is] squarely on plaintiffs to track down the whereabouts of defendants to effectuate service—rather than obliging courts to assist in this endeavor—*even when the plaintiffs are in prison.*" *Washington v. Correia*, 546 F. App'x 786, 789 (10th Cir. Nov. 26, 2013) (unpublished) (emphasis added). Indeed, where a defendant's identity is known, the Tenth Circuit has not found any right to discover a defendant's address before the defendant is served. *Id.* at 787. Moreover, prisoner petitions are excluded from pre-trial case management procedures, including discovery obligations, under the Court's local rules. *See* D.N.M.LR-Civ 16.3(d).

Here, Mr. Hunnicutt knows the identities of the defendants, including those for whom he has not yet located addresses. As such, this is "information that may be secured without formal discovery tools, e.g., review of phone directories, a self-help internet search request, or use of a company that specializes in locating people." *Washington v. Correia*,

2012 WL 3939858, at *1 (D. Kan. Sept. 10, 2012), *aff'd*, 546 F. App'x 786 (10th Cir. 2013). The Court recognizes that Mr. Hunnicutt is incarcerated and that securing the addresses for all Defendants may take additional time.

Further, the Court understands that, at that time Mr. Hunnicutt filed the instant Motion, he did not have access to a computer or telephone. However, he does not allege that he has requested access to a computer, that he followed the proper procedures for such a request under the prison's policies, or that such a request was denied. *See*, *e.g.*, *Seager v. Wrigley*, 2:15-cv-0747 MCA/SMV, 2015 WL 13667536, at *7 (D.N.M. Dec. 11, 2015), *report and recommendation adopted*, 2:15-cv-0747 MCA/SMV, 2016 WL 10721259 (D.N.M. Jan. 29, 2016). Given the changes over the past few months to many of the restrictions that were in place due to the COVID-19 pandemic, Mr. Hunnicutt may no longer face the same difficulties that hindered his previous search for addresses. Accordingly, the Court will deny without prejudice Mr. Hunnicutt's request for pre-service discovery.

### B.  Remaining Service Issues

With regard to the Defendants for whom Mr. Hunnicutt *was* able to locate addresses, several problems exist. First, Mr. Hunnicutt provided P.O. box addresses for Defendants K.D. Miller, Jodi Upshaw, Joshua Sigala, Astrid Castillo, Ronald Martinez and Southern New Mexico Correctional Facility. A P.O. box is not a viable address for personal service.

Additionally, Mr. Hunnicutt provided the address of Defendant German Franco's legal representative, in lieu of a physical service address, but does not state that Mr. Franco has consented to be served by way of his attorney. *Id.* at 2. Without such consent, Mr. Hunnicutt must serve Defendant German Franco by the methods set forth in Rule 1-

004 NMRA.[1]

To move this case forward, the Court will order the United States Marshals Service to personally serve the Defendants. However, for the United States Marshals Service to do so, Mr. Hunnicutt will first have to provide physical addresses for Defendants William Edgman, Estevan Flores, K.D. Miller, Jodi Upshaw, Joshua Sigala, Astrid Castillo, Ronald Martinez, German Franco, and Adam Whitefield. *See*, *e.g.*, *Trenton v. Experian Info. Sols., Inc.*, 1:18-cv-664 JAP/LF (D.N.M. July 10, 2019) (Doc. 13) (ordering *pro se* plaintiff to provide physical addresses); *see also Conley v. Nielsen*, 706 F. App'x 890 (9th Cir. 2017) (upholding district court's dismissal for failure to provide physical addresses for service by marshal); *Thomas v. Bronco Disaster Relief*, 2010 WL 11530917, at *1 (E.D. Tex. Jan. 12, 2010) ("[t]he Marshal cannot serve Defendants without physical addresses."). Thus, the Court will order Mr. Hunnicutt to provide such physical addresses.

The Court will further grant Mr. Hunnicutt an extension of time to provide physical addresses for Defendants William Edgman, Estevan Flores, K.D. Miller, Jodi Upshaw, Joshua Sigala, Astrid Castillo, Ronald Martinez, German Franco, and Adam Whitefield. If, after further efforts, Mr. Hunnicutt is still unable to locate a physical address for each Defendant, he may renew his motion for pre-service discovery. With any renewed motion, he must include an affidavit explaining in detail his additional efforts to obtain these addresses.

**IT IS THEREFORE ORDERED** that Mr. Hunnicutt's *Motion for Discovery Request*

---

[1] The Court notes that Defendant Summit Food Service has answered, but has not yet signed a waiver of service, or waived jurisdictional defenses in its Answer. (Doc. 19 at 2). The costs of service may be imposed on Defendants if the Court finds that they declined to waive personal service without good cause. *See* Fed. R. Civ. P. 4(d)(2); *Schmal v. Luna Cty.*, 2:20-cv-1324 CG/GJF, 2021 WL 1634441, at *2 (D.N.M. Apr. 27, 2021) (ordering service where defendant filed responsive pleading but failed to waive jurisdictional defenses).

*Seeking the Present Or Last Known Address of Defendants Peters, Edgman, Flores, Franco and Whitefield*, (Doc. 16), is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that **on or before August 9, 2021**, Mr. Hunnicutt shall either:

(1) provide the Court with a current physical address for serving process on Defendants William Edgman, Estevan Flores, K.D. Miller, Jodi Upshaw, Joshua Sigala, Astrid Castillo, Ronald Martinez, German Franco, and Adam Whitefield;

(2) renew his motion for pre-service discovery, including an affidavit detailing his efforts in attempting to obtain physical addresses for these Defendants, and show good cause why his claims against these Defendants should not be dismissed without prejudice; or

(3) decline to provide service addresses for these Defendants and elect not to prosecute his claims against them.

Failure to comply with this Order may result in dismissal of Mr. Hunnicutt's claims against these Defendants without further notice.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall issue a Summons for Defendants Daniel Peters, Mary Williams, John Gay, the Southern New Mexico Correctional Facility, and the New Mexico Corrections Department. The United States Marshal shall serve a copy of the Summons and Complaint on these Defendants in accordance with Fed. R. Civ. P. 4(c)(3), as directed by the Clerk.

**IT IS SO ORDERED.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE