IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARNELL HUNNICUTT, SR.,

    Plaintiff,

v.                                                                                     No. CV 20-206 MV/CG

DANIEL PETERS, et al.,

    Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court upon Plaintiff Carnell Hunnicutt, Sr.'s *Motion for Temporary Retraining Order and Preliminary Injunction* (the "Motion"), (Doc. 21), his *Memorandum in Support of Plaintiff's Motion for a Temporary Retraining Order and Preliminary Injunction*, (Doc. 22), his *Affidavit*, (Doc. 23), and his *Declaration in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction*, (Doc. 24), all filed on June 28, 2021. In his Motion, Mr. Hunnicutt asks the Court to issue a temporary restraining order ("TRO") and preliminary injunction enjoining the Defendants to (1) implement a "no-touch diet system" where staff and inmates do not touch Kosher food; (2) offer a better variety of pre-packaged Kosher certified meals; (3) comply with the meal requirements for Shabbat/Sabbath; and (4) ensure that he receives enough calories each day. *See* (Doc. 22 at 7).

This matter was assigned to Chief United States Magistrate Judge Carmen E. Garza on March 9, 2020. (Doc. 2). Thereafter, on June 30, 2021, United States District Judge Martha Vazquez referred this case to the undersigned to perform legal analysis and recommend an ultimate disposition. (Doc. 25).

After considering the parties' filings, the record, and the relevant law, the Court **RECOMMENDS** that Mr. Hunnicutt's *Motion for Temporary Restraining Order and*

*Preliminary Injunction*, (Doc. 21) be **HELD IN ABEYANCE** pending the appearance in this case by all Defendants, and that Defendant Summit Food Services be **ORDERED** to provide the Court with an update on its further investigation by no later than **August 16, 2021**.

I. **Background**

On March 9, 2020, Mr. Hunnicutt, who is currently incarcerated at the Southern New Mexico Correctional Facility ("SNMCF"), commenced this civil rights lawsuit under 42 U.S.C. § 1983, alleging discrimination on the basis of religion. *See* (Doc. 1); (Doc. 3); *see also* (Doc. 13 at 1). Mr. Hunnicutt practices Judaism and has been approved for a Kosher diet. (Doc. 21 at 1); (Doc. 13 at 1).

On November 12, 2020, Mr. Hunnicutt filed a *Motion for a Temporary Restraining Order and Preliminary Injunction*, (Doc. 10), alleging that SNMCF is providing him only "quasi-Kosher[]" meal options, that his diet is monotonous, and that his diet does not provide 3,000 calories per day. *See* (Doc. 3 at 3); (Doc. 10 at 1, 6); (Doc. 11 at 4); (Doc. 12 at 1-2). On December 18, 2020, Judge Vazquez denied the motion without prejudice to Mr. Hunnicutt refiling "a more detailed motion seeking an injunction *once Defendants appear in the case.*" (Doc. 13 at 6) (emphasis added).

On June 28, 2021, Mr. Hunnicutt filed the instant Motion, again asking for the Court to enter a TRO and preliminary injunction enjoining the Defendants to (1) implement a "no-touch diet system" where staff and inmates do not touch Kosher food; (2) offer a better variety of pre-packaged Kosher certified meals; (3) comply with the meal requirements for Shabbat/Sabbath; and (4) ensure that he receives enough calories each day. *See* (Doc. 22 at 7). Specifically, Mr. Hunnicutt alleges, among other things, the following: he was underserved during the month of September 2020; he was served an undercooked meal

on January 18, 2021; he was "served bread, cinnamon rolls, and muffins" during Passover instead of "matzo []or a Passover feast as per the Jewish religion"; Muslim cooks routinely prepare his meals; and he suffered retaliation for his grievances. (Doc. 23 at 1-4).

II.     Analysis

To obtain a TRO or other injunctive relief, the moving party must show "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotations omitted). The moving party must satisfy each of these elements independently. *Id.* A preliminary injunction is an extraordinary remedy, and thus the right to relief must be clear. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

Where, as here, the moving party is seeking a preliminary injunction to mandate action rather than prohibit it, the Tenth Circuit applies a heightened standard. *Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 797 (10th Cir. 2019). To obtain this type of "[d]isfavored preliminary injunction[,]" the moving party must make a strong showing that the above factors weigh in his favor. *Id.* (citing *Fish v. Kobach*, 840 F.3d 710, 724 (10th Cir. 2016)).

Mr. Hunnicutt's current Motion is virtually identical in substance to his prior motion for a TRO and preliminary injunction, which Judge Vazquez denied. For instance, here, as in the prior motion, he alleges that non-Jewish prisoners are preparing Kosher meals, that he is receiving a monotonous vegetarian diet, and that he is not receiving enough calories or nutrition. (Doc. 3 at 3, 6, 7); (Doc. 12 at 1, 3); (Doc. 21 at 4). He again alleges that he

3

has lost weight, but primarily focuses on the "monotonous" Kosher food options, the fact that Summit Foods does not have a culinary arts training program and serves materially worse Kosher foods than the last food services contractor, and the absence of hot, non-vegetarian Kosher food. (Doc. 11 at 1); (Doc. 3 at 29); *see* (Doc. 21).

In her order denying Mr. Hunnicutt's prior motion, Judge Vazquez found that the factors did not strongly favor granting him a TRO and preliminary injunction, and further that it would be difficult to enter an *ex parte* mandatory TRO without considering Defendants' "legitimate penological objectives." (Doc. 13 at 6). For those reasons, Judge Vazquez permitted Mr. Hunnicutt to refile his motion for a TRO and preliminary injunction once Defendants appear in the case. *Id.*

To date, Summit Food Services is the only Defendant who has appeared in the case.[1] *See* (Doc. 19). Mr. Hunnicutt's Motion is thus premature under Judge Vazquez's December 18, 2020 Order. (Doc. 13 at 6). The undersigned will therefore recommend the Motion be **HELD IN ABEYANCE** pending the appearance in this case by Defendants. *See* (Doc. 13 at 6). The undersigned will further recommend that Defendant Summit Foods be **ORDERED** to provide the Court with an update on its further investigation, as Judge Vazquez ordered in her December 18, 2020 Order, by no later than **August 16, 2021**. *See id.* at 5 (requiring "an investigation on the merits" of Mr. Hunnicutt's statement that "he is not receiving enough calories[]").

### III. Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that Mr. Hunnicutt's *Motion*

---

[1] Mr. Hunnicutt's Complaint and Amended Complaint named fifteen defendants, but he initially provided a mailing address for only SNMCF. *See* (Doc. 1); (Doc. 3). As a result, the Court ordered him to provide current addresses for each of the other Defendants, (Doc. 14), and, to date, Mr. Hunnicutt has provided addresses for nine more of the Defendants (Doc. 15).

*for Temporary Restraining Order and Preliminary Injunction*, (Doc. 21) be **HELD IN ABEYANCE** pending the appearance in this case by all Defendants, and that Defendant Summit Food Services be **ORDERED** to provide the Court with an update on its further investigation by no later than **August 16, 2021,** as ordered by Judge Vazquez on December 18, 2020. *See* (Doc. 13 at 1).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE