IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARNELL HUNNICUTT, SR.,

    Plaintiff,

v.                                                          No. CV 20-206 MV/CG

DANIEL PETERS, et al.,

    Defendants.

## ORDER ADOPTING CHIEF MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Chief Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition* (the "PFRD"), (Doc. 28), filed July 7, 2021; and Petitioner Carnell Hunnicutt, Sr.'s *Objection to the Proposed Findings and Recommended Disposition [Doc. 28]* (the "Objections"), (Doc. 34), filed July 19, 2021. In the PFRD, the Chief Magistrate Judge recommended that the Court hold in abeyance Mr. Hunnicutt's *Motion for Temporary Restraining Order and Preliminary Injunction* (the "Second Motion for TRO"), (Doc. 21), pending the appearance in this case by all Defendants. (Doc. 28 at 5). The Chief Magistrate Judge further recommended that the Court order Defendant Summit Food Services to provide the Court with an update on its further investigation of Mr. Hunnicutt's allegations. *Id*. The parties were informed that objections to the PFRD were due within fourteen days of the date the PFRD was filed. *Id.* Mr. Hunnicutt timely filed his objections to the PFRD on July 19, 2021. (Doc. 34). Defendants did not respond to Mr. Hunnicutt's objections, and the time for doing so has passed. *See* Rule 12 of the Rules Governing Section 2254 Proceedings in the United States District Courts; Fed. R. Civ. P. 72(b)(2). On August 10, 2021, however, Defendant Summit Food Services did file a *Response in Opposition to Plaintiff's Motion for a Temporary Restraining*

*order and Preliminary Injunction and Response to Court Order for Investigation* (the "Response"), (Doc. 48), which, in relevant part, provides the Court with an update as recommended by the Chief Magistrate Judge.[1] (Doc. 48 at 5).

Following a *de novo* review of the Second Motion for TRO, the PFRD, Mr. Hunnicutt's Objections, and the record, the Court will overrule Mr. Hunnicutt's Objections, adopt the PFRD, **HOLD IN ABEYANCE** Mr. Hunnicutt's *Motion for Temporary Restraining Order and Preliminary Injunction*, (Doc. 21), and **ORDER** Defendant Summit Food Services to update the Court as to its further investigation.[2]

## I. Background

Mr. Hunnicutt, who is currently incarcerated at the Southern New Mexico Correctional Facility ("SNMCF"), commenced this civil rights lawsuit on March 9, 2020, alleging discrimination on the basis of religion under 42 U.S.C. § 1983. *See* (Doc. 1); (Doc. 3); *see also* (Doc. 13 at 1). Mr. Hunnicutt practices Judaism and has been approved for a Kosher diet, which he claims is inadequate. (Doc. 21 at 1); (Doc. 13 at 1). Mr. Hunnicutt filed his first motion for a temporary restraining order ("TRO") on November 12, 2020, alleging that SNMCF provides him only quasi-Kosher meals, that his diet does not include 3,000 calories per day, and that his diet is monotonous. *See* (Doc. 3 at 3); (Doc. 10 at 1, 6); (Doc. 11 at 4); (Doc. 12 at 1-2). On December 18, 2020, the Court denied the motion without prejudice to Mr. Hunnicutt refiling a more detailed motion "once Defendants appear in the case." (Doc. 13 at 6).

To date, Summit Food Services is the only Defendant who has appeared in the case. *See*

---

[1] The Response, which in part is responsive to Mr. Hunnicutt's Second Motion for TRO, will also be held in abeyance.
[2] The Court notes that after the Chief Magistrate Judge filed her PFRD but before the Court entered this Order, Summit Food Services filed its Response, partially providing the Court with the mandated update. As such, the Court will take notice that this portion of the Order has been satisfied.

(Doc. 19). However, on June 28, 2021, Mr. Hunnicutt filed his Second Motion for TRO, asking again for the Court to enter a TRO and preliminary injunction enjoining the Defendants to (1) implement a "no-touch diet system" where staff and inmates do not touch Kosher food; (2) offer a better variety of pre-packaged Kosher certified meals; (3) comply with the meal requirements for Shabbat/Sabbath; and (4) ensure that he receives enough calories each day. *See* (Doc. 22 at 7).

**II.     Analysis**

When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C). Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act, including judicial efficiency." *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996). Objections must be timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *Id*. at 1060. Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

In his Objections, Mr. Hunnicutt reiterates the arguments from his Second Motion for TRO, and alleges that the Court "named only three" of the fourteen allegations that he levies against Defendants. (Doc. 34 at 2). He also repeats his allegation that he has been "suffering constitutional violations daily since 2018." *Id.* He does not address the PFRD's finding that his Second Motion for TRO is virtually identical in substance to his prior motion for a TRO and preliminary injunction, which this Court denied without prejudice. (Doc. 28 at 3); (Doc. 13). In

Mr. Hunnicutt's Objections, in the Second Motion for TRO, and in Mr. Hunnicutt's prior motion, he alleges that he is receiving a monotonous vegetarian diet, and that he is not receiving enough calories or nutrition. (Doc. 34 at 1-2); *see* (Doc. 3 at 3, 6, 7); (Doc. 12 at 1, 3); (Doc. 21 at 4). He repeats the allegation that Summit Food Services does not have a culinary arts training program and serves cold, non-Kosher food—though he also admits that he is receiving prepackaged Kosher meals. (Doc. 34 at 1-1); *see* (Doc. 11 at 1); (Doc. 3 at 29); (Doc. 21).

In the *Memorandum Opinion and Order* (the "Order"), (Doc. 13), filed December 18, 2020, the Court found that the factors did not strongly favor granting Mr. Hunnicutt a TRO and preliminary injunction, and further that it would be difficult to enter an *ex parte* mandatory TRO without considering Defendants' legitimate penological objectives. (Doc. 13 at 6). For those reasons, the Court permitted Mr. Hunnicutt to refile his motion for a TRO and preliminary injunction once Defendants appear in the case. *Id*.

As mentioned above, Summit Food Services is the only Defendant who has appeared in the case to date.[3] *See* (Doc. 19). Mr. Hunnicutt's Motion is thus premature under the Court's prior Order. (Doc. 13 at 6). The Court will therefore overrule Mr. Hunnicutt's objections. *See* (Doc. 13 at 6).

### III. Conclusion

For the foregoing reasons, the Court finds that the Chief Magistrate Judge conducted the proper analysis and correctly concluded that Mr. Hunnicutt's Second Motion for TRO is premature. Therefore, Mr. Hunnicutt's Objections are overruled.

**IT IS THEREFORE ORDERED** that Mr. Hunnicutt's *Motion for Temporary*

---

[3] On July 7, 2021, the Court ordered partial service by the marshals, who have since served both the New Mexico Corrections Department and SNMCF. (Doc. 27); (Doc. 42); (Doc. 43).

*Restraining Order and Preliminary Injunction*, (Doc. 21), shall be **HELD IN ABEYANCE** pending the appearance in this case by all Defendants.

    **IT IS SO ORDERED.**

_____
THE HONORABLE MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE