**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CARNELL HUNNICUTT, SR.,

    Plaintiff,

v.                                                                          No. CV 20-206 MV/CG

DANIEL PETERS, et al.,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court upon Plaintiff Carnell Hunnicutt, Sr.'s *Motion for Recusation* (the "Motion"), (Doc. 32), filed July 19, 2021; and Defendant Summit Food Services' *Opposition to Plaintiff's Motion for Recusation* (the "Response"), (Doc. 36), filed July 20, 2021. Mr. Hunnicutt did not file a Reply in support of his Motion and the time for doing so has now passed. *See* D.N.M. LR-Civ. 7.4(a) (explaining a "reply must be served within fourteen (14) calendar days after service of the response.").

In his Motion, Mr. Hunnicutt asks that the undersigned "be recused from this matter" due to alleged bias and partiality. (Doc. 32 at 2). The Court, having reviewed the Motion, the Response, the relevant law, and being otherwise fully advised, finds Mr. Hunnicutt's Motion shall be **DENIED**.

**I.     Background**

On March 9, 2020, Mr. Hunnicutt commenced this civil rights lawsuit under 42 U.S.C. § 1983, (Doc. 1), and the litigation has proceeded throughout the subsequent year and a half. This section will detail only the factual and procedural history most relevant to the issues raised in the instant Motion.

In his Complaint and Amended Complaint, Mr. Hunnicutt named fifteen

defendants, but initially only provided a mailing address for one defendant. *See* (Doc. 1); (Doc. 3). Therefore, on March 8, 2021, the undersigned ordered Mr. Hunnicutt to provide a current address for each of the remaining defendants. (Doc. 14) (the "March 8, 2021 order"). In response, Mr. Hunnicutt provided mailing addresses for nine of the fourteen remaining defendants. (Doc. 15).

On March 26, 2020, in addition to responding to this Court's March 8, 2021 order, Mr. Hunnicutt requested pre-service discovery as to the five defendants for whom he had not provided addresses. (Doc. 16). On July 7, 2021, the undersigned denied Mr. Hunnicutt's request without prejudice, but enlarged his deadline to provide addresses for the remaining defendants until August 9, 2021, and ordered partial service by the United States Marshals Service. (Doc. 27 at 5) (the "July 7, 2021 order"). On July 19, 2021, Mr. Hunnicutt filed objections to the July 7, 2021 order. (Doc. 33).

Meanwhile, on June 28, 2021, Mr. Hunnicutt filed his second *Motion for a Temporary Restraining Order and Preliminary Injunction*.[1] (Doc. 21). On July 7, 2021, the undersigned entered a Proposed Findings and Recommended Disposition (the "July 7, 2021 PFRD"), recommending that the motion be held in abeyance, and that Defendant Summit Food Services be ordered to provide the Court with an update on its investigation. (Doc. 28). Since that time, the United States Marshals Service has successfully served both the New Mexico Corrections Department and the Southern New Mexico Correctional Facility ("SNMCF"). (Doc. 42); (Doc. 43). Defendant Summit Food Services has also provided the Court with an update on its investigation, including

---

[1] Mr. Hunnicutt previously filed his first such motion on November 12, 2020, (Doc. 10), which the presiding judge denied without prejudice to renewal once Defendants have appeared in the case, (Doc. 13 at 6).

2

a *Martinez* report. (Doc. 48). On July 19, 2021, Mr. Hunnicutt filed objections to the July 7, 2021 PFRD. (Doc. 34).

Mr. Hunnicutt also filed the instant Motion on July 19, 2021, in which he requests that the undersigned "recuse herself from this action[,]" on the basis of the undersigned's March 8, 2021 order as well as her July 7, 2021 order. *See* (Doc. 32). Specifically, he alleges that "[t]he actions of the magistrate judge shows bias[] and prejudice against the pro se Plaintiff," as "the Plaintiff did provide both physical addresses and P.O. box addresses where personal service is viable" in his response to the Court's March 8, 2021 order. *Id.* at 1. Defendant Summit Foods, in its Response, argues that "there are no factual allegations that would support disqualification or recusal" of the undersigned." (Doc. 36 at 3).

**II.    Legal Standard for Recusal**

A motion for recusal must be decided by the judge whose recusal is requested. *Stein v. New Mexico*, 1:15-cv-776 WJ/KBM, 2016 WL 8914536, at *3 (D.N.M. Mar. 11, 2016). Under 28 U.S.C. § 455(a), federal judges must recuse themselves "in any proceeding in which [their] partialities might reasonably be questioned." The statute contains a list of specific situations in which the judge is required to recuse. 28 U.S.C. § 455(b)(1)-(5). The "bias or prejudice" grounds for recusal, for example, are articulated as "where [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Similarly, 28 U.S.C. § 144 requires a judge to recuse herself when a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him, or in favor of any adverse party."

3

The test in this Circuit is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). However, the Tenth Circuit "has long held that 'section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice,'" and moreover, "[t]he statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Id.* (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 2000)). "Judges not only have a strong duty to recuse when appropriate, but also a strong duty to sit[.]" *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) (internal quotation marks omitted).

Under either § 144 or § 455, the Court need not accept the movant's factual allegations as true and judges should not recuse themselves "on unsupported, irrational, or highly tenuous speculation[.]" *Peacock v. Lea Cty. Det. Facility*, 2:20-cv-437 KWR/JFR, 2021 WL 1923721, at *2 (D.N.M. May 13, 2021) (citing *Hinman*, 831 F.2d at 939). Rather, "there is a substantial burden on the moving party to demonstrate the judge is not impartial." *Id.* (citations omitted); *see also Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir.1992) (stating that the movant has "a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise.") (citation omitted). Moreover, adverse rulings as well as "[a] judge's ordinary efforts at courtroom administration" do not provide grounds for recusal. *Webb v. Caldwell*, 664 F. App'x 695, 697 (10th Cir. 2016) (citing *Hinman,* 831 F.2d at 938-39).

### III. Analysis

In the instant Motion, Mr. Hunnicutt takes issue with the undersigned's March 8, 2021 order, (Doc. 14), directing him to provide a current address for each of the remaining defendants, and her July 7, 2021 order, (Doc. 27), denying pre-service discovery. *See* (Doc. 32 at 1). Mr. Hunnicutt contends that the undersigned failed to thoroughly review his response to the March 8, 2021 order, and that she made certain factual errors regarding his ability to locate certain Defendants and his access to a computer at SNMCF. *Id.* For these reasons, Mr. Hunnicutt "feel[s] that the magistrate is prejudice against prisoners," and that she has "an axe to grind." *Id.*

Mr. Hunnicutt questions the undersigned's March 8, 2021 order and July 7, 2021 order on the grounds of alleged factual error, but offers no other support for his allegations of bias and partiality. *See id.* He alleges that because the orders are adverse to him, the undersigned must be biased against him. *Id.* ("Either the judge didn't read the Plaintiff's compliance with the Court Order to provide addresses or she's biased."). The Court does not accept as true Mr. Hunnicutt's speculative assertion that the undersigned is biased. *Hinman*, 831 F.2d at 939 (stating that a judge should not recuse herself based on "highly tenuous speculation."). Mr. Hunnicutt's disagreement with the undersigned's rulings is not enough to carry his substantial burden of demonstrating bias and partiality. *Webb*, 664 F. App'x at 697 ("Adverse rulings are not a proper basis for recusal[.]"); *see also, e.g., Thymes v. Verizon Wireless, Inc.*, 1:16-cv-66 KG/WPL, 2016 WL 9774949, at *1-2 (finding "Plaintiff's disagreement with the [Court's] adverse rulings cannot support his request for recusal"). Mr. Hunnicutt has thus not alleged any circumstances that might cause a reasonable person to harbor doubts about the

undersigned's impartiality.

For these reasons, a reasonable, well-informed, and objective observer would not find a factual basis to question the partiality of the undersigned in this case. Mr. Hunnicutt has, therefore, failed to show that a recusal under either Section 455(a) or Section 144 is appropriate. Consequently, the Motion for Recusal shall be **DENIED.**

### IV. Conclusion

**IT IS THEREFORE ORDERED** that Mr. Hunnicutt's *Motion for Recusal*, (Doc. 32), is **DENIED**.

**IT IS SO ORDERED.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE