IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARNELL HUNNICUTT, SR.,

    Plaintiff,

v.                                                                                                         No. CV 20-206 MV/CG

DANIEL PETERS, et al.,

    Defendants.

## ORDER FOR *MARTINEZ* REPORT

**THIS MATTER** is before the Court on review of the record. Mr. Hunnicutt is currently incarcerated at the Southern New Mexico Correctional Facility ("SNMCF"), and commenced this civil rights lawsuit on March 9, 2020, alleging discrimination on the basis of religion under 42 U.S.C. § 1983. *See* (Doc. 1); (Doc. 3); *see also* (Doc. 13 at 1). Mr. Hunnicutt practices Judaism and alleges that SNMCF provides him only quasi-Kosher meals, that his diet does not include 3,000 calories per day, and that his diet is monotonous. *See* (Doc. 3 at 3); (Doc. 10 at 1, 6); (Doc. 11 at 4); (Doc. 12 at 1-2). In his *Amended Complaint*, (Doc. 3), Mr. Hunnicutt alleges that the defendants have violated his rights under the Constitution, the Religious Land Use and Institutionalized Persons Act, and the New Mexico Religious Freedom Restoration Act. *See* (Doc. 3). Mr. Hunnicutt asks the Court to issue various injunctions as well as ordering compensatory and punitive damages. *Id.* at 28-29.

Under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), Courts may order prison officials to investigate the incidents underlying a prisoner's lawsuit and then compile and file a report. The purpose of the *Martinez* Report is to ascertain whether there are any factual or legal bases for the prisoner's claims. *Gee v. Estes*, 829 F.2d 1005, 1007 (10th

Cir. 1987). Further, *Martinez* Reports may be used in deciding motions for summary judgment. *See Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992).

On August 10, 2021, Defendant Summit Food Services filed a *Motion for Summary Judgment*, (Doc. 49), which included the "Affidavit and 'Martinez' Investigative Report" of Michael Mays, the Food Services Director for Summit Food Services. (Doc. 49 at 26). However, Defendants New Mexico Corrections Department and Southern New Mexico Correctional Facility recently entered the case, and likely have additional relevant information in their possession or control. *See* (Doc. 50); (Doc. 53).

Therefore, to assist the Court in evaluating Mr. Hunnicutt's claims in this matter, **IT IS HEREBY ORDERED** that:

1. Defendants New Mexico Corrections Department and Southern New Mexico Correctional Facility shall prepare a *Martinez* Report addressing the claims raised in Mr. Hunnicutt's *Amended Complaint*, (Doc. 3), by:

    a. Setting forth the facts needed to resolve the claims including, but not limited to: the names of any persons who dealt directly with Mr. Hunnicutt regarding his requests that he receive a kosher diet; whether records exist pertaining to the events alleged, and, if so, a description of those records and documents and their contents. The Report must state whether any contracts, policies, procedures, protocols, laws, or regulations address Mr. Hunnicutt's requests and, if so, a description of those contracts, policies, procedures, protocols, laws, or regulations and their contents.

b. Further setting forth the facts needed to resolve the claims including, but not limited to: the names of any persons who dealt directly with Mr. Hunnicutt concerning his requests regarding his diet that are the subject of his *Amended Complaint*, (Doc. 3), or who witnessed or made decisions with regard to such requests; whether any records or documents exist pertaining to such requests and, if so, a description of those records and documents and their contents; and whether any contracts, policies, procedures, protocols, laws, or regulations address such requests and, if so, a description of those contracts, policies, procedures, protocols, laws, or regulations and their contents.

c. Providing copies of all records and documents pertaining to the matters referred to in the foregoing sub-paragraphs a) and b), including but not limited to incident reports, misconduct reports, sick call slips and grievances cited by Mr. Hunnicutt, and decisions made by corrections officials or Defendants in response to Mr. Hunnicutt's alleged requests and grievances; and copies of any prison policies or regulations that address these situations;

d. Providing copies of all records and documents pertaining to any interactions between Mr. Hunnicutt and Defendants, including but not limited to those regarding any request by Mr. Hunnicutt for his diet to comport with his religious beliefs;

e. Providing affidavits in support of the Report, if necessary; and

    f. Providing a copy of the administrative grievance procedure in effect at SNMCF during the relevant time period in Mr. Hunnicutt's complaint and copies of all records and documents pertaining to Mr. Hunnicutt's exhaustion of prison administrative remedies with respect to his claims.

2. The records and documents submitted with the Report may be submitted simultaneously with the Report, but the submission of documents alone, or documents submitted with an index but without an accompanying Report, shall not be considered in compliance with this Order.

3. The Court is aware of the potential sensitivity of the materials that may be contained in corrections files and that there may be valid reasons for keeping confidential some of the contents of such files. Therefore, Defendants may redact confidential portions of the Report, or any records submitted with the Report, provided that they also file a memorandum setting forth any objections they might have to Mr. Hunnicutt being permitted to review the redacted portions of the Report, records, or documents. If Defendants do not submit such a memorandum, Mr. Hunnicutt shall be permitted to review the contents of the Report and the records and documents submitted with the report. Defendants' memorandum, if any, shall be served on Mr. Hunnicutt, who shall have 14 days after the date of service of the memorandum to file and serve a response to the memorandum. The Court will review Defendants' memorandum, if any, and any responses filed by Mr. Hunnicutt, to determine whether the redacted portions of the Report, records, or documents should be disclosed to Mr. Hunnicutt. If necessary, the

Court will review the redacted portions of the Report, records, or documents *in camera* before making its determination.

4. All records and documents submitted with the Report must be submitted with an index. The index must identify each record and document submitted by number, and each record and document must be marked with a tab or label showing its number. Additionally, the Report and each record and document submitted with the report must have its pages numbered using Bates stamps, or a similar numbering system.

5. A complete copy of the Report must be filed on the case docket and served on Mr. Hunnicutt.

6. Defendants New Mexico Corrections Department and Southern New Mexico Correctional Facility shall file their *Martinez* Report on or before **October 25, 2021**.

7. Mr. Hunnicutt shall file and serve his response to the *Martinez* Report on or before **November 24, 2021**.

8. Defendants New Mexico Corrections Department and Southern New Mexico Correctional Facility shall file and serve their Reply, if any, to Mr. Hunnicutt's Response on or before **December 23, 2021**.

Because the *Martinez* Report may be used in deciding whether to grant summary judgment, the parties are urged to submit whatever materials they consider relevant to Mr. Hunnicutt's claims. If Defendants intend to file motions for summary judgment, they must do so in a filing or filings other than the *Martinez Report*.

**IT IS SO ORDERED.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE