**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CARNELL HUNNICUTT, SR.,

    Plaintiff,

v.                                                                                          No. CV 20-206 MV/CG

DANIEL PETERS, et al.,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Plaintiff Carnell Hunnicutt's *Motion for Contempt* (the "Motion"), (Doc. 20), filed June 28, 2021; and Defendant Summit Food Services' *Opposition to Plaintiff's Motion for Contempt* (the "Response"), (Doc. 30), filed July 14, 2021. No other defendant responded to the Motion, nor did Mr. Hunnicutt file a reply to Defendant Summit Food Services' Response, and the time for doing so has now passed. *See* D.N.M. LR-Civ. 7.4(a) (explaining a "response must be served and filed within fourteen (14) calendar days after service of the motion" and "[a] reply must be served within fourteen (14) calendar days after service of the response").

In his Motion, Mr. Hunnicutt alleges that Defendants have not complied with the Court's December 18, 2020 order, (Doc. 13), and asks that the Court "order coercive fines . . . to make the Defendants[] comply[,] with the sum of $5,000 a day payable to the Court." (Doc. 20 at 1-2). The Court, having reviewed the Motion, the Response, the relevant law, and being otherwise fully advised, finds Mr. Hunnicutt's Motion shall be **DENIED**.

## I.     Factual and Procedural Background

On March 9, 2020, Mr. Hunnicutt commenced this civil rights lawsuit under 42 U.S.C. § 1983. (Doc. 1). On December 18, 2020, upon Mr. Hunnicutt's Amended Complaint surviving screening pursuant to 28 U.S.C. § 1915, the Honorable Judge Vazquez "require[d]" among other things, that Defendants answer the Amended Complaint. (Doc. 13 at 6). Judge Vazquez also stated that she would "give Defendants an opportunity to waive service before ordering personal service by the U.S. Marshals," and indicated that "[t]he costs of service may be imposed on Defendants if the Court finds that they declined to waive personal service without good cause." *Id.* at 6. At that time, Judge Vazquez also directed the Clerk's Office to issue notice and waiver of service forms to Defendants. *Id.* at 6-7.

Defendant Summit Food Service filed an answer on June 3, 2021, (Doc. 19), and waived service on July 20, 2021, (Doc. 37). To date, no other defendants have waived service. Therefore, on July 7, 2021, the Court ordered partial service by the U.S. Marshals Service, and directed Mr. Hunnicutt to provide physical addresses for the remaining defendants. (Doc. 27 at 5). The U.S. Marshals Service served Defendant Southern New Mexico Correctional Facility ("SNMCF") on July 22, 2021, and Defendant SNMCF filed its answer on August 24, 2021. (Doc. 43); (Doc. 53). The U.S. Marshals Service served Defendant New Mexico Corrections Department ("NMDOC") on July 30, 2021, and Defendant NMDOC filed its answer on August 18, 2021. (Doc. 42); (Doc. 50). The U.S. Marshals Service has been unable to serve any other defendants to date, though they have unsuccessfully attempted service upon Defendants John Gay and Mary Williams. *See* (Doc. 44); (Doc. 45).

Meanwhile, on June 28, 2021, prior to this Court ordering service by the U.S. Marshal Service, Mr. Hunnicutt filed the instant Motion, asking the Court "to hold Defendants in contempt" of Judge Vazquez's December 18, 2020 order. (Doc. 20 at 1). Mr. Hunnicutt notes that Judge Vazquez ordered notice and waivers of service to be mailed on December 18, 2020, but that—at the time of filing—Defendants had not returned them. *Id.* Mr. Hunnicutt explains that Defendants' failure to comply with Judge Vazquez's Order has delayed his ability to obtain relief in this matter. *Id.* ("The Court declined to enter Plaintiff's TRO until the Defendants file an answer [] and ordered them to do so."). Mr. Hunnicutt asks in his Motion that "coercive fines be imposed to make the Defendants[] comply with the sum of $5,000 a day payable to the Court." *Id.* at 2.

## II.     Legal Standard

Federal Rule of Civil Procedure 16(f)(1) empowers the Court "on motion or on its own . . . to issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Additionally, "[i]f a party . . . fails to obey an order to provide or permit discovery," Federal Rule 37 permits the Court to, among other sanctions, issue an order "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." FED. R. CIV. P. 37(b)(2)(A)(vii). Further, the Court "must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with [Federal Rule 16], unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 16(f)(1).

### III.     Analysis

In the December 18, 2020 order, (Doc. 13), the Court stated that it would "require an answer" from Defendants, indicating that the case had survived § 1915 review and could thus now proceed in the normal course of federal civil litigation. (Doc. 13 at 6); *see also* 28 U.S.C. § 1915(e)(2) (requiring court to determine whether a *pro se* plaintiff's complaint "state[s] a claim on which relief may be granted" before ordering service on the defendants); *see, e.g., Hinzo v. New Mexico Dep't of Corr.*, 1:10-cv-0506 JB/CG, 2010 WL 11607152, at *3 (D.N.M. Aug. 5, 2010). Accordingly, although Judge Vazquez's order required Defendants to answer Mr. Hunnicutt's Amended Complaint, they were not obligated to do so until they had been properly served. *See generally* (Doc. 13); *see* FED. R. CIV. P. 4(e); 12 (a)(1)(A)(i) (requiring an answer within 21 days of service); FED. R. CIV. P. 55 (allowing default where a party has been properly served and failed to defend).

Defendant Summit Food Service filed an answer on June 3, 2021, and waived service on July 20, 2021. (Doc. 19); (Doc. 37). Defendant SNMCF was served on July 22, 2021, and filed its answer on August 24, 2021. (Doc. 43); (Doc. 53). Defendant NMDOC was served on July 30, 2021, and filed its answer on August 18, 2021. (Doc. 42); (Doc. 50). No other defendants have yet been properly served.[1] *See, e.g.*, (Doc. 44); (Doc. 45). As such, the Court finds that Defendants are not in contempt of Judge Vazquez's December 18, 2020 order, and the Court will deny Mr. Hunnicutt's Motion. FED. R. CIV. P. 16(f)(i), 37(b)(2)(A)(vii). The Court will, however, order Defendants

---

[1] Pursuant to the Court's July 7, 2021 Order, it remains Mr. Hunnicutt's responsibility to provide viable service addresses for the remaining defendants or to show cause why these defendants should not be dismissed. *Washington v. Correia*, 546 F. App'x 786, 789 (10th Cir. Nov. 26, 2013) (unpublished); (Doc. 27 at 5).

SNMCF and NMDOC, who declined to waive personal service, to show good cause why they should not bear the costs of service, given Judge Vazquez's warning that such costs may be imposed. *See* (Doc. 13 at 6).

IV.     **Conclusion**

**IT IS THEREFORE ORDERED** that Mr. Hunnicutt's *Motion for Contempt*, (Doc. 20), shall be **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Southern New Mexico Correctional Facility and New Mexico Corrections Department shall show good cause by **September 29, 2021**, as to why the Court should not impose upon them the costs of service.

**IT IS SO ORDERED.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE