**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CARNELL HUNNICUTT, SR.,

    Plaintiff,

v.                                                                No. CV 20-206 MV/CG

DANIEL PETERS, et al.,

    Defendants.

## ORDER DENYING MOTION FOR LEAVE TO FILE SURREPLY

**THIS MATTER** is before the Court on Plaintiff Carnell Hunnicutt, Sr.'s *Motion for Leave to File Surreply* (the "Motion"), (Doc. 57), filed September 7, 2021, and Defendant Summit Food Services' *Response in Opposition to Plaintiff's Motion for Leave to File Surreply* (the "Response"), (Doc. 62), filed September 20, 2021. In his Motion, Mr. Hunnicutt asks "leave of court to file opposition to Defendant[']s Motion for summary judgment." (Doc. 57 at 1). The Court, having reviewed the Motion and the Response, and being fully advised on the relevant law, finds that Mr. Hunnicutt is not entitled to file surreply and, therefore, that the Motion should be **DENIED**.

Defendant Summit Food Services originally filed its *Motion for Summary Judgment* (the "Motion for Summary Judgment"), (Doc. 49), on August 10, 2021. On September 7, 2021, the same day he filed the Motion, Mr. Hunnicutt filed his *Opposition to Defendant Summit Food Services' Motion for Summary Judgment* (the "response in opposition to the Motion for Summary Judgment"), (Doc. 56).[1] On September 20, 2021,

---

[1] The Court notes that, under D.N.M. LR-Civ. 7.4(a), Mr. Hunnicutt's response in opposition to the Motion for Summary Judgment was due August 27, 2021, including three days for mailing, and thus was filed late. However, absent any argument by the Defendants and given Mr. Hunnicutt's incarceration, it shall be deemed timely.

Defendant filed its *Reply to Plaintiff's Opposition to Defendant Summit Food Services' Motion for Summary Judgment*, (Doc. 61). The Motion for Summary Judgment is now fully briefed. *See* (Doc. 69).

District of New Mexico Local Rule 7.4(b), which Mr. Hunnicutt cites in his Motion, states that the filing of a surreply requires leave of the Court. The Tenth Circuit has held that when a district court accepts a reply brief from a movant that contains new material or argument, the court must either permit a surreply from the nonmovant or must refrain from relying on the new material or argument in ruling on the motion. *See Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003) (discussing *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164-65 (10th Cir. 1998)).

Mr. Hunnicutt, in his Motion, does not argue that Defendant's reply brief contained new material or argument. *See* (Doc. 57). Mr. Hunnicutt offers no basis for seeking surreply, other than his citation to the local rule. *Id.* Indeed, at the time of filing, September 7, 2021, Mr. Hunnicutt could not have known whether he had good cause for surreply, as Defendant Summit Food Services did not file its Reply until September 20, 2021. *See* (Doc. 61). Additionally, the Court's review of the briefs indicates that Defendant's reply raised no new issues and was entirely responsive to Mr. Hunnicutt's response brief. *See* (Doc. 49); (Doc. 56); (Doc. 61).

The Court therefore finds that Mr. Hunnicutt has failed to state an adequate basis for filing surreply to the Motion for Summary Judgment.

**IT IS THEREFORE ORDERED** that Mr. Hunnicutt's *Motion for Leave to File Surreply*, (Doc. 57), is **DENIED**.

**IT IS SO ORDERED.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE