**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CARNELL HUNNICUTT, SR.,

      Plaintiff,

v.                                           No. CV 20-206 MV/CG

DANIEL PETERS, et al.,

      Defendants.

## ORDER IMPOSING COSTS OF SERVICE

**THIS MATTER** is before the Court on its *Memorandum Opinion and Order* (the

"MOO"), (Doc. 55), filed August 30, 2021; and Defendants Southern New Mexico

Correctional Facility ("SNMCF") and New Mexico Department of Corrections'

("NMDOC") *Response to Order to Show Cause Concerning Waiver of Service of*

*Process* (the "Response"), (Doc. 71), filed September 29, 2021. In its MOO, the Court

ordered, in part, Defendants SNMCF and NMDOC to "show good cause by September

29, 2021, as to why the Court should not impose upon them the costs of service," given

their prior failures to waive personal service. (Doc. 55 at 5).

On December 18, 2020, upon Mr. Hunnicutt's Amended Complaint surviving

screening pursuant to 28 U.S.C. § 1915, U.S. District Judge Martha Vazquez "g[a]ve

Defendants an opportunity to waive service before ordering personal service by the U.S.

Marshals," and warned that "[t]he costs of service may be imposed on Defendants if the

Court finds that they declined to waive personal service without good cause." *Id.* at 6. At

that time, Judge Vazquez also directed the Clerk's Office to issue notice and waiver of

service forms to Defendants. *Id.* at 6-7.

The Clerk's Office issued notice and waiver of service forms to Defendant SNMCF, which were mailed out first on January 6, 2021, and then again on April 28, 2021, to 1983 Joe R. Silva Blvd., P.O. Box 639, Las Cruces, NM 88004. *See* (Doc. 15). On July 21, 2021, the U.S. Marshals Service personally served Defendant SNMCF at 1983 Joe R. Silva Blvd, Las Cruces, NM 88004. (Doc. 43). The Clerk's Office similarly mailed notice and waiver of service forms to Defendant NMDOC on January 6, 2021, and then again on April 28, 2021, to 4337 State Road, Santa Fe, NM 87508. *See* (Doc. 15). On July 29, 2021, the U.S. Marshals Service personally served Defendant NMDOC at the same address. (Doc. 42).

To date, only Defendant Summit Food Service has waived service. *See* (Doc. 37); (Doc. 55). Defendants SNMCF and NMDOC have not waived service, and the U.S. Marshals Service has been unable to serve any other Defendants. *See* (Doc. 44); (Doc. 45).

Defendants, in their Response, do not deny receipt of the notice and waiver of service forms, instead indicating that "defense counsel has not been made aware of the receipt, by either of these defendants, of a Waiver of The Service of Summons form." (Doc. 71 at 2). Indeed, Defendants specifically acknowledge that it is "exceedingly possible" that these forms "were received by someone at an address associated with each of these defendants, and that no action was taken in response to receipt of the forms." *Id.* at 3.

Under Federal Rule of Civil Procedure 4(d)(2), the Court must impose costs of service on a defendant who, without good cause, does not comply with a request to waive service. Judge Vazquez reminded Defendants that the Court would enforce this

rule if they failed to waive service, and when Defendants NMDOC and SNMCF did fail to waive service, the undersigned gave them the further opportunity to show good cause for doing so. *See* (Doc. 55). The explanation given in their Response is inadequate. *See* (Doc. 71). Therefore the costs of personal service shall be imposed on Defendants SNMCF and NMDOC. FED. R. CIV. P. 4(d)(2); *see*, *e.g.*, *Armijo v. Hayes et al.*, 2:14-cv-362 JB/CG (D.N.M. 2015) (Doc. 12) (imposing the costs of service after giving defendant the opportunity to show good cause for failure to waive).

**IT IS THEREFORE ORDERED** that the costs of service shall be imposed upon Defendants Southern New Mexico Correctional Facility and New Mexico Corrections Department. Service shall be at no cost to Mr. Hunnicutt.

**IT IS SO ORDERED.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE