UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**CARNELL HUNNICUTT, SR.,**

    **Plaintiff,**

v.          No. 2:20-cv-00206-MV-CG

**DANIEL PETERS; WILLIAM EDGMAN; ESTEVAN FLORES; K.D. MILLER; JODI UPSHAW; JOSHUA SIGALA; ASTRID CASTILLO; MARY WILLIAMS; SUMMIT FOOD SERVICE; GERMAN FRANCO; ADAM WHITEFIELD; WARDEN MARTINEZ; NEW MEXICO CORRECTIONS DEPART-MENT; and SOUTHERN NEW MEXICO CORRECTIONAL FACILITY,**

    **Defendants.**

## DEFENDANT K.D. MILLER'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT

**COMES NOW** Defendant K.D. Miller, by and through his counsel of record, Atwood, Malone, Turner & Sabin, P.A. (by Bryan Evans and Renee Gantert) and, pursuant to Rule 12 of the Federal Rules of Civil Procedure, and hereby moves the Court for entry of an order dismissing Plaintiff's claims against him for failure to state a claim upon which relief can be granted. As grounds therefore, Defendant states:

## I.
## INTRODUCTION

Plaintiff filed the operative Amended Complaint on April 2, 2020. *Amended Complaint*, [Doc. 3], *filed herein.* The Complaint asserts various claims against Defendant Miller, and others,

1

under 42 U.S.C. § 1983,[1] alleging that they substantially burdened Plaintiff's First Amendment right to free exercise of his religion and engaged in deliberate indifference and discrimination in violation of the Fourteenth Amendment. *See Doc. 3, ¶¶ 153-159*. Importantly, however, the only specific, non-conclusory factual allegations Plaintiff states against Defendant Miller have to do with his alleged responses to Plaintiff's informal complaints. *See id., ¶¶* 92 (describing Miller's alleged response to an informal complaint), 97 (describing another allegedly "asinine response" to another informal complaint). The only other facts alleged are that Defendant Miller was the acting deputy and that he received an email from Defendant Whitefield regarding Plaintiff's request to take food back to his cell on the Sabbath. *See Id., ¶¶ 5, 117.*[2] These allegations do not state a plausible claim that Defendant Miller personally violated Plaintiff's First Amendment rights or any other rights. Plaintiff has failed to state any viable § 1983 claim against Defendant Miller. The claims against him should be dismissed and Defendant Miller should be dismissed as a party to this action.

## II.

### MOTION TO DISMISS STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed.R.Civ.P. 12(b)(6). To survive a motion to dismiss, a plaintiff's complaint must have sufficient factual matter that, if true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937 (2009). "'[P]lausibility in this

---

[1] Plaintiff's Complaint also asserts claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the New Mexico Religious Freedom Restoration Act ("NMFRA"), but based on governing law, Defendant reads those as claims against the NMDOC only. *See Martinez Report, p. 2 [Doc. 77].*
[2] Miller is mentioned in Paragraph 147, but no actions are attributed to him in this paragraph. Instead, Plaintiff alleges he told other inmates that Miller and others would transfer him because of his complaint to the deputy general counsel. It should be noted that nowhere in Plaintiff's Complaint does he allege that he was actually transferred and indeed, he was not. He remains at SNMCF to this day.

context must refer to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). A plaintiff's complaint does not require a detailed assertion of factual allegations, but the grounds set forth in plaintiff's complaint for entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level..." *Id.* at 555. The plausibility requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins,* 519 F.3d at 1248.

### III.

### ARGUMENT AND AUTHORITIES

It is well settled that a supervisory relationship alone is insufficient for liability under Section 1983. *Poolaw v. Marcantel,* 565 F.3d 721, 732 (10th Cir. 2009). "Individual liability under §1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel,* 118 F.3d 1416, 1423 (10th Cir. 1997). The "personal participation" requirement is not satisfied "unless an 'affirmative link' exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Butler v. Norman,* 992 F.2d 1053, 1055 (10th Cir. 1993). The Tenth Circuit has repeatedly concluded that a constitutional claim has not been stated where a plaintiff relied solely on allegations the defendant failed to properly investigate or process inmate grievances. *Gallagher v.*

*Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009) (dismissing Section 1983 claim where plaintiff's only allegation against defendants was that they "'rubber-stamped' his various grievance"); *Whittington v. Ortiz,* 307 Fed. Appx. 179, 192-93 (10th Cir. 2009) (allegations that prison grievance officer "failed to investigate the claimed lack of hygiene items, failed to order staff to furnish hygiene items, and failed to furnish them himself even though asked by [the plaintiff] to do so" were insufficient to "establish the necessary personal participation in [plaintiff's] situation."); *Larson v. Meeks,* 240 Fed. Appx. 777, 781 (10th Cir. 2007) (the defendant's alleged "denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations."); *Sheratt v. Utah Dep't of Corr.,* 545 Fed. Appx. 744, 747 (10th Cir. 2013) ("Denial of a grievance or failure to properly investigate or process grievances, without any connection to the violation of constitutional rights alleged by the plaintiff, is not sufficient to establish personal participation for purposes of a Section 1983 claim."); *Markham v. Rios,* 2019 U.S. Dist. LEXIS 145444, *2-3 (W.D. Okla. Aug. 27, 2019) (plaintiff failed to state an Eighth Amendment claim where sole allegation against a defendant was that she provided an unfavorable response to a grievance); *Pemberton v. Jones,* 2011 U.S. Dist LEXIS 45599 *25 (W.D. Okla. Jan. 24, 2011) ("Because no constitutional right guarantees access to a prison grievance procedure, Plaintiff's due process rights have not been violated by defendants' following or failing to follow the ODOC grievance procedures."); *Harris v. Palm,* 2019 U.S. Dist. LEXIS 90483, *8-9 (D. Kan. May 29, 2019) (dismissing for failure to state a claim a plaintiff's claims regarding the defendant's alleged failure to respond to grievances).

In the case at bar, Plaintiff's Complaint states very little facts with respect to Defendant Miller at all. Plaintiff's most specific allegations against him have to do with his responses to informal complaints Plaintiff submitted. The law as set forth above bars any constitutional claim

based solely on a prison official's responses to informal complaints—the filing of which is simply one step in NMDOC's prison grievance procedure. *See e.g. Canady v. Dixon,* 2021 US. Dist. LEXIS 5391, *16-17 (E.D. Va. Jan. 8, 2021) (allegations that prison official interfered with inmate's attempts to file informal complaints and grievances did not support First Amendment claim); *see also Serna v. Larsen,* 2021 U.S. Dist LEXIS, *10-11 (D.N.M. May 20, 2021) (noting that the first step of NMCD's inmate grievance policy is the filing of an informal complaint). The remaining allegations against Defendant Miller either a) state information that clearly does not support a claim (e.g. ¶117, alleging only that Defendant Miller received an email from another official) or b) make sweeping, unsupported, and totally conclusory allegations that Miller violated Plaintiff's rights (*see e.g., ¶¶ 121, 153-159).* Plaintiff has utterly failed to state a plausible claim that Defendant K.D. Miller violated his rights. Plaintiff's claims against him should be dismissed and Defendant Miller should be dismissed as a party to this suit.

    WHEREFORE, premises considered, Defendant Miller prays that Plaintiff's claims against him be dismissed with prejudice, that he be dismissed as a party to this action, that he recover his taxable costs incurred, and receive such other and further legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

ATWOOD, MALONE, TURNER & SABIN, P.A.

By **Electronically Filed on 11/29/21**
    Bryan Evans
    Renee Gantert
    P.O. Drawer 700
    Roswell, NM 88202-0700
    (575) 622-6221
*Attorneys for Defendant K.D. Miller, Warden Martinez, NMDOC, SCNMF*

I HEREBY CERTIFY that on November 29, 202, I filed the foregoing instrument electronically through the CM/ECF system, which caused all parties of record to be served by electronic means, as more fully reflected on the *Notice of Electronic Filing* and I also hereby certify I mailed a copy of the foregoing instrument to Plaintiff pro se.

*Electronically Filed on 11/29/21*
Bryan Evans